FILED
U. S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

JAN 03 2019

JAMES W. McCORMACK, CLERK
By:_____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

**CHRIS PRESSLER, Individually and on**            **PLAINTIFF**
**behalf of All Others Similarly Situated**

VS.           No. 4:19-cv-__7__-BSM

**ENVIRONMENTAL SERVICES COMPANY, INC.**           **DEFENDANT**

## ORIGINAL COMPLAINT— COLLECTIVE ACTION

COMES NOW Plaintiff Chris Pressler, individually and on behalf of all others similarly situated, by and through his attorneys Chris Burks and Josh Sanford of Sanford Law Firm, PLLC, and for his Original Complaint—Collective Action ("Complaint") against Defendant Environmental Services Company, Inc. ("Defendant"), and in support thereof he does hereby state and allege as follows:

### I. PRELIMINARY STATEMENTS

1. This is a collective action brought by Chris Pressler ("Plaintiff") on behalf of himself and on behalf of field technicians and other similar positions employed by Defendant at any time within a three-year period preceding filing of this Complaint.

2. Plaintiff brings this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, et seq. ("AMWA") for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including a reasonable attorney's fee as a result of

This case assigned to District Judge _Miller_
and to Magistrate Judge _Deere_

Defendant's failure to pay Plaintiff and other field technicians and similar positions overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA as described, infra.

## II.   JURISDICTION AND VENUE

4. This action is brought by Plaintiff on behalf of himself and all others similarly situated against Defendant for violations of the FLSA 29 U.S.C. § 201, et seq. and the AMWA, Ark. Code Ann. § 11-4-201, et seq.

5. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

6. The acts complained of herein were committed and had their principal effect against the named Plaintiff herein within the Western Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. This Complaint also alleges AMWA violations, which arise out of the same set of operative facts as the federal cause of action; accordingly, this state cause of action would be expected to be tried with the federal claim in a single proceeding. This Court has pendent jurisdiction over Plaintiff's AMWA claims pursuant to 28 U.S.C. § 1367(a).

## III.   THE PARTIES

8. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

9.  Plaintiff is a resident and citizen of Faulkner County. He was employed by Defendant as a salaried environmental specialist within the three (3) years preceding the filing of the Original Complaint.

10. At all times material herein, Plaintiff and those similarly situated have been entitled to the rights, protection and benefits provided under the FLSA and the AMWA.

11. Defendant is an Arkansas for-profit corporation having a registered agent for service of process of Debra Brown Woosley, 13715 West Markham, Little Rock, Arkansas 72211.

12. Defendant is an "employer" within the meanings set forth in the FLSA and the AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiff's employer, as well as the employer of the members of the collective.

13. During each of the three years preceding the filing of this Complaint, Defendant employed at least four individuals who were engaged in interstate commerce or in the production of goods for interstate commerce, or had employees handling, selling, or otherwise working on goods or materials that have been moved in or produced by any person.

14. Defendant has, and has had at all relevant times, annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated).

## IV.  FACTUAL ALLEGATIONS

15. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendant is in the business of providing environmental assessments and consulting, air testing and other related environmental field services for its customers.

17. During part of the three (3) years prior to the filing of this lawsuit, Plaintiff worked for Defendant as a salaried environmental specialist.

18. As an environmental specialist, Plaintiff's primary duties included, but were not limited to, performing air testing, water sampling and other related environmental site assessments including laboratory work. Other field technicians and similar positions for Defendant perform related if not almost the same job duties as Plaintiff but have varying job titles.

19. During his employment as an environmental specialist for Defendant, Plaintiff and all other field technicians and similar positions were misclassified by Defendant as exempt from overtime wages and paid a salary.

20. Plaintiff almost always worked in excess of forty (40) hours per week throughout his tenure with Defendant.

21. More specifically, Plaintiff regularly worked in excess of 45 hours per week for Defendant. Other field technicians and similar positions worked similar hours in excess of forty (40) per week.

22. Defendant did not pay Plaintiff or other field technicians and similar positions any overtime compensation for hours worked in excess of forty (40) per week.

23. Defendant failed to keep records of Plaintiff's hours worked or other field technicians and similar positions' hours worked.

24. Plaintiff never agreed that his salary would be sufficient to cover all hours worked.

25. Upon commencement of work at Defendant, Plaintiff did not sign any contract of employment setting forth his hours or wages. His annual compensation was not less than $455.00 per week nor more than $100,000.00 per year.

26. Plaintiff and other field technicians and similar positions were and are entitled to one and one-half (1.5) times their regular rate of pay for all hours worked in excess of forty (40) in a week.

27. In performing services for Defendant, Plaintiff was not required to utilize any professional education relevant to his job duties.

28. During the course of his employment, Plaintiff did not manage the enterprise or a customarily recognized subdivision of the enterprise.

29. Plaintiff did not select any employees for hire nor did he provide any training for any employee. Plaintiff had no ability to hire and fire any employee.

30. Plaintiff did not have any control of or authority over any employee's rate of pay or working hours.

31. Plaintiff did not maintain or prepare production reports or sales records for use in supervision or control of the business. Similarly, Plaintiff did not have any responsibility for planning or controlling budgets.

32. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiff and field technicians and other similar positions violated the FLSA.

## V. REPRESENTATIVE ACTION ALLEGATIONS

33. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully set forth herein.

34. At all relevant times, Plaintiff and all others similarly situated have been entitled to the rights, protections and benefits provided by the FLSA and the AMWA.

35. Plaintiff brings his claims for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

36. Plaintiff brings his FLSA claims on behalf of himself and other field technicians and similar positions who were paid a salary instead of an hourly wage by Defendant at any time within the applicable statute of limitations period, who are entitled to payment of the following types of damages:

   A. A lawful minimum wage for all hours worked; and

   B. Liquidated damages and attorneys' fees and costs.

37. In conformity with the requirements of FLSA Section 16(b), Plaintiff has attached hereto as Exhibit "A" his written Consent to Join this lawsuit.

38. The relevant time period dates back three years from the date on which Plaintiff's Original Complaint – Collective Action was filed herein and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

39. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

   A. Defendant's uniform failure to compensate employees pursuant to the requirements of the FLSA; and

   B. Defendant's failure to pay members of the collective all overtime compensation in violation of the FLSA, 29 U.S.C. § 201 et seq.

40. Plaintiff is unable to state the exact number of the potential members of the FLSA Collective but believes that the group exceeds 15 persons.

41. Most employed Americans are fully reliant on email and text messages, and generally use them far more often than traditional U.S. Mail.

42. Defendant can readily identify the members of the Section 16(b) Collective. The names and physical addresses, email addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the them via text message and first class mail, or email, to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with documents and information descriptive of Plaintiff's FLSA claim.

43. At all relevant times, Defendant directly hired members of the Collective Action, paid them wages, controlled their work schedules, duties, protocols, applications, assignments and employment conditions and kept at least some records regarding their employment.

44. At all relevant times, each member of the Collective Action regularly engaged in interstate commerce or handled, sold, or otherwise worked with goods or materials that had been moved in or produced for interstate commerce.

### VI.   FIRST CLAIM FOR RELIEF
### (Individual Claim for Violation of FLSA)

45. Plaintiff repeats and re-alleges all the preceding paragraphs of this Complaint as if fully incorporated herein.

46. 29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week. 29 U.S.C.S. § 207 (LEXIS 2013).

47. Defendant intentionally misclassified Plaintiff as exempt from overtime compensation.

48. Defendant failed to pay Plaintiff a lawful minimum wage for all hours up to forty (4) per week and one and one-half (1.5) times his regular rate for all hours worked over forty (40) hours per week, despite his entitlement thereto.

49. Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

50. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for, and Plaintiff seeks, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

51. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the FLSA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

### VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

52. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated herein.

53. Plaintiff bring this collective action on behalf of all other field technicians and similar positions employed by Defendant to recover monetary damages owed by Defendant to Plaintiff and members of the collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

54.     Plaintiff brings this action on behalf of himself and all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

55.     Defendant intentionally misclassified Plaintiff and other field technicians and similar positions as exempt from overtime compensation.

56.     Like Plaintiff, these field technicians and other similar positions regularly worked more than forty (40) hours in a week.

57.     Defendant failed to pay Plaintiff and all those similarly situated a lawful minimum wage for all hours up to forty (40) per week and one and one-half (1.5) times their regular rate for all hours worked over forty (40) hours per week, despite their entitlement thereto. Because these employees are similarly situated to Plaintiff, and are owed overtime for the same reasons, the opt-in collective is properly defined as follows:

**All field technicians and other similar positions within the past three years.**

58.     Defendant's conduct and practice, as described above, is and has been at all times relevant hereto, willful, intentional, unreasonable, arbitrary and in bad faith.

59.     By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff and all field technicians and other similar positions employed by Defendant, and they seek, unpaid overtime wages, liquidated damages, pre-judgment interest, civil penalties and costs, including reasonable attorney's fees as provided by the FLSA.

60.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff and all other field technicians and other similar positions employed by Defendant as provided by the FLSA, Plaintiff and all field technicians and other similar positions are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claim for Violation of the AMWA)

61. Plaintiff repeats and re-alleges all previous paragraphs of this Complaint as though fully incorporated in this section.

62. Plaintiff asserts this claim for damages and declaratory relief pursuant to the AMWA.

63. At all relevant times, Defendant was Plaintiff's "employer" within the meaning of the AMWA.

64. Arkansas Code Annotated §§ 11-4-210 and 211 require employers to pay all employees a minimum wage for all hours worked up to forty (40) in one week and to pay one and one-half (1.5) times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

65. At all times relevant to this Complaint, Defendant intentionally misclassified Plaintiff as exempt from the overtime requirements of the AMWA.

66. Despite the entitlement of Plaintiff to minimum wage and overtime payments under the AMWA, Defendant failed to pay Plaintiff a lawful minimum wage and an overtime rate of one and one-half (1.5) times his regular rate of pay for all hours worked over forty (40) in each one-week period.

67. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

68. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiff for monetary damages, liquidated damages, costs, and a reasonable attorney's fee

provided by the AMWA for all violations which occurred within the three (3) years prior to the filing of this Complaint, plus periods of equitable tolling.

69.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiff as provided by the AMWA, Plaintiff is entitled to an award of prejudgment interest at the applicable legal rate.

## IX.     PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiff Chris Pressler respectfully prays that Defendant be summoned to appear and to answer herein as follows:

A.     That Defendant be summoned to appear and answer herein;

B.     That Defendant be required to account to Plaintiff, the collective members, and the Court for all of the hours worked by Plaintiff and the collective members and all monies paid to them;

C.     A declaratory judgment that Defendant's practices alleged herein violate the FLSA and attendant regulations at 29 C.F.R. § 516 *et seq.*;

D.     A declaratory judgment that Defendant's practices alleged herein violate the AMWA and the related regulations;

E.     Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

F.     Judgment for damages for all unpaid minimum wage and overtime compensation under the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*;

G.     Judgment for damages for all unpaid minimum wage and overtime compensation under the AMWA and the related regulations;

H.    Judgment for liquidated damages pursuant to the FLSA and attendant regulations at 29 C.F.R. §516 *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiff and members of the collective during the applicable statutory period;

I.    Judgment for liquidated damages pursuant to the AMWA and the relating regulations;

J.    An order directing Defendant to pay Plaintiff and members of the collective prejudgment interest, reasonable attorney's fees and all costs connected with this action; and

K.    Such other and further relief as this Court may deem necessary, just and proper.

Respectfully submitted,

**CHRIS PRESSLER, Individually and on behalf of All Others Similarly Situated, PLAINTIFF**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: 501) 221-0088
Facsimile: (888) 787-2040

_____
Christopher Burks
Ark. Bar No. 2010207
chris@sanfordlawfirm.com

_____
Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com